G. ALLEN STEBBINS and DIXIE L. STEBBINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stebbins v. Commissioner
Docket No. 25325-82.
United States Tax Court
T.C. Memo 1984-179; 1984 Tax Ct. Memo LEXIS 493; 47 T.C.M. (CCH) 1481; T.C.M. (RIA) 84179; April 10, 1984. G. Allen Stebbins, pro se. David L. Miller, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $2,837.32 in petitioners' 1979 Federal income tax. After concessions, the sole issue is whether petitioners are entitled to deduct expenses for travel, food, and lodging under section 162(a)(2). [1]
*494 The facts have been fully stipulated and are so found. Petitioners, G. Allen Stebbins (Mr. Stebbins) and Dixie L. Stebbins (Mrs. Stebbins), resided in Kearns, Utah, when the petition was filed herein. Mr. Stebbins is an electrician and was employed by Jelco, Inc. (Jelco) at the Huntington Power Plant (Huntington) from January 20, 1978, until March 5, 1981. The only break in his employment at Huntington was for one weekend because of his excessive absenteeism. The Huntington project involved the construction of two identical units which required the services of many electricians. [2] Construction of Unit 1 began in April 1975 and was scheduled to end on June 1, 1978. It was not completed, however, until approximately June 1979. Construction of Unit 2 began prior to Unit 1's completed and was scheduled to end on June 1, 1980. It too was delayed for approximately one year. Mr. Stebbins began working January 20, 1978, on Unit 1, and as soon as he stopped working on Unit 1, he immediately begin working on Unit 2. He was eventually laid off on March 5, 1981, after being employed continuously at Huntington for 37 months. *495 The Huntington site is located near Castledale, Utah, approximately 150 miles from petitioners' residence. While working for Jelco Mr. Stebbins rented a trailer and traveled home on weekends. On their 1979 return petitioners deducted $9,160.03 for travel, food and lodging expenses incurred in connection with Mr. Stebbins' employment at Huntington.In his notice of deficiency, respondent disallowed the deduction. The sole issue is whether petitioners may deduct these travel, food, and lodging expenses. As a general rule, deductions for personal expenses are disallowed under section 262. Section 162(a)(2), however, allows a deduction for traveling and living expenses incurred while away from home in pursuit of a trade or business. This Court has continuously held that a taxpayer's "home" for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of employment and not where his personal residence is located. ; . An exception to this rule exists, however, where a taxpayer accepts employment away from his home which is temporary *496 as opposed to indefinite. . Thus, resolution of the issue herein depends on a factual determination of whether Mr. Stebbins' employment at Huntington was temporary or indefinite. Employment is temporary if its termination is foreseeable within a short period of time. ; . Employment is indefinite if either its termination cannot be foreseen within a fixed or reasonably short period of time, , affd. , or it continues for a substantial or indefinite duration. . The taxpayer has the burden of proving that his employment was temporary. ; Rule 142(a). Petitioners contend that Mr. Stebbins' employment at Huntington was temporary because he was told in January 1978 that layoffs would begin in June 1978. However, at the beginning of 1979, Mr. Stebbins had worked continuously at *497 Huntington for more than eleven months, and by the end of 1979, he had been employed there for almost two years. Furthermore, as soon as Unit 1 was completed in June 1979 he immediately began working on Unit 2.Since Unit 1 took more than four years to be completed, Mr. Stebbins could have reasonably expected that his employment at Huntington would last for a substantial period of time.In view of these circumstances, we find no basis for concluding that Mr. Stebbins foresaw, or could reasonably have been expected to foresee, termination of his employment at Huntington "within a short period of time" during 1979. Thus, we hold that in 1979 Mr. Stebbins' employment at Huntington was indefinite rather than temporary and that petitioners are therefore not entitled to deduct the travel, food, and lodging expenses Mr. Stebbins incurred in connection with that employment. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In February 1978 at the peak of construction of Unit 1, 312 electricians were working at Huntington. In May 1979 near the completion of Unit 1, 37 electricians were working on Unit 1. Construction of Unit 2 required approximately the same number of electricians.↩